IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRITTANY M. CHANDLER**,<br><br>        Plaintiff,<br><br>        v.<br><br>**LOANCARE, LLC**; **LAKEVIEW LOAN SERVICING, LLC**; and **TRUSTEE CORPS**,<br><br>        Defendants. | Case No. 3:25-cv-2311-SI<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

**Michael H. Simon, District Judge.**

Brittany Chandler, representing herself, sued Defendants LoanCare, LLC ("LoanCare"), Lakeview Loan Servicing, LLC, and Trustee Corps in Oregon state court for wrongful foreclosure, fraud, and various violations of federal law, including the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Defendants removed the case to federal court. Ms. Chandler now seeks a temporary restraining order ("TRO") enjoining LoanCare and Trustee Corps from auctioning her home after private foreclosure proceedings on January 13, 2026. ECF 7. For the reasons explained below, the Court grants the motion.

LoanCare is the mortgage servicer for Ms. Chandler's Beaverton, Oregon home. Trustee Corps is LoanCare's foreclosure vendor. Ms. Chandler and her ex-boyfriend, Mr. Chadau

PAGE 1 – ORDER

Creger, both appear on the deed to the Beaverton home. In June 2022, Ms. Chandler obtained a court order preventing Mr. Creger from interfering with her ability to refinance or sell the home. Ms. Chandler is disabled. Among other physical ailments, she suffers from a neuromuscular, autoimmune disease that causes severe muscle weakness. Ms. Chandler also lives with depression, anxiety, and suicidal thoughts, all of which exacerbate her physical disabilities. Due to an injury in late 2022, Ms. Chandler was temporarily unable to pay her mortgage. In April 2023, Ms. Chandler recovered and contacted LoanCare regarding her mortgage balance, telling LoanCare about her disability in the process. LoanCare allegedly refused financial assistance to Ms. Chandler, but offered it to Mr. Creger for the same property.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Id.* at 20. The Ninth Circuit also uses the "serious questions" test. *See All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this approach, "a preliminary injunction may issue where 'serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor' if the plaintiff 'also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Planned

*Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 844 (9th Cir. 2024) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

A TRO is appropriate here because Ms. Chandler satisfies the serious questions test. Courts in the Ninth Circuit typically hold that the balance of hardships tips sharply in the plaintiff's favor when, absent a TRO, a plaintiff will lose her home.[1] That is true for Ms. Chandler. Additionally, Ms. Chandler represents that she will become homeless if her home is foreclosed upon, which would exacerbate her mental and physical illnesses. Defendants, on the other hand, will suffer little harm from postponing their auction. Ms. Chandler also has shown a likelihood of irreparable injury and that the injunction is in the public interest.[2] Further, the Court finds that Ms. Chandler has raised serious questions as to the merits of her claims for disability discrimination under the Fair Housing Act by alleging that LoanCare extended or offered to extend financial assistance to Mr. Creger, but not to her, after it learned about her disability.[3]

The Court GRANTS *ex parte* Plaintiff's Motion for Temporary Restraining Order, ECF 7. IT IS HEREBY ORDERED that LoanCare and Trustee Corps are enjoined from initiating foreclosure proceedings on the Beaverton home, located at 14050 SW Wilson Dr.,

---

[1] *See, e.g.*, *Garcia v. First Franklin*, 2025 WL 2631533, at *2 (C.D. Cal. Aug. 4, 2025); *Varrato v. Specialized Loan Servicing LLC*, 2022 WL 845194, at *3 (D. Ariz. Mar. 22, 2022); *Amodo v. Homeq Servicing Corp.*, 2010 WL 347730, at *1 (E.D. Cal. Jan. 22, 2010).

[2] "It is well-established that the loss of an interest in real property constitutes an irreparable injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011). The public interest is served by enforcement of federal anti-discrimination laws. *See, e.g.*, *Keene v. City & Cnty. of San Francisco*, 2025 WL 341831, at *3 (9th Cir. Jan. 30, 2025) (unpublished) (citing *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975) for the proposition that "[e]nforcing anti-discrimination statutes is in the public's interest . . . under federal law.").

[3] Ms. Chandler has also raised serious questions as to the merits of her other claims, but the Court need not reach those to issue the TRO.

Beaverton, OR 97008. This Order is without prejudice to the Court considering the merits of parties' arguments in later motions. The parties are directed to confer and submit a proposed briefing schedule and hearing date for either a motion for renewal of the TRO for another 14 days[4] or for a preliminary injunction, or both.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2026 at 3:30 p.m.

Michael H. Simon
United States District Judge

---

[4] The duration of a TRO issued *without* notice may not exceed 14 days but may be extended by a court once for an additional 14 days for good cause, provided that the reasons for the extension are entered in the record. Fed. R. Civ. P. 65(b)(2).

PAGE 4 – ORDER