IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRITTANY M. CHANDLER**, an individual, | Case No. 3:25-cv-2311-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **LOANCARE, LLC**, **LAKEVIEW LOAN SERVICING, LLC**, and **TRUSTEE CORPS**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Brittany Chandler, representing herself, sued LoanCare, LLC ("LoanCare"), Lakeview Loan Servicing, LLC ("Lakeview"), and Trustee Corps[1] (together, "Defendants") in Oregon state court, alleging wrongful foreclosure and fraud under Oregon law, and several violations of federal law, including under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Chandler asserts that she became homeless because of Defendants' unlawful conduct. She explains that she suffers from severe physical and mental illnesses, which have been exacerbated by losing her home.

In January 2026, LoanCare and Lakeview removed Chandler's lawsuit to federal court and then moved to dismiss Chandler's complaint for failure to state a claim. ECF 6. Chandler then moved for, and the Court granted, a temporary restraining order ("TRO"), enjoining LoanCare and Lakeview from initiating foreclosure proceedings on Chandler's home. ECF 8.

---

[1] Trustee Corps has not yet entered an appearance.

PAGE 1 – ORDER

The TRO has since expired, and Chandler has not responded to the motion to dismiss. In February, Chandler filed a motion to reissue the TRO, which the Court denied. ECF 9, 10. On April 7, 2026, the Court issued an order directing Chandler to show cause on or before April 21, 2026, why the Court should not grant Lakeview and LoanCare's unopposed motion to dismiss. ECF 12. On April 24, 2026, Chandler filed another motion for TRO and a motion to join an additional defendant. ECF 14, 15. Neither motion, however, addressed the pending motion to dismiss. On April 27, 2026, Chandler filed a motion for leave to supplement her motion to set aside the sale, which also did not address the pending motion to dismiss. Because Chandler has not shown cause as ordered, ECF 12, the Court grants the motion to dismiss and denies Chandler's pending motions as moot.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss with prejudice an action or claim *sua sponte* if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Ninth Circuit has set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The *Henderson* factors support dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). As for the second factor, "[t]he trial judge is in the best position to determine whether the delay in a

PAGE 2 – ORDER

particular case interferes with docket management and the public interest." *Id.* Chandler alleged that Defendants' conduct rendered her homeless and that she was typing her filings at public libraries. The Court accordingly gave Chandler three months to respond to LoanCare and Lakeview's motion to dismiss. In that time, however, Chandler has filed other motions but never addressed the motion to dismiss. Because Chandler has shown that she can respond to the motion to dismiss but has chosen not to do so, the public interest and the "Court's need to manage its docket will be served by dismissing the action." *See Patagonia, Inc. v. T-shirt At Fashion LLC*, 2023 WL 6369760, at *2 (C.D. Cal. Feb. 8, 2023).

The third factor "at least marginally favors dismissal." *Id.* Although "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," *Pagtalunan*, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, *see In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Allowing the case to proceed after the three-month extension given to Chandler and her failure to comply with the Court's Order to show cause presumptively prejudices LoanCare and Lakeview. The risk of prejudice to Defendants, of course, must be weighed against Chandler's reason for defaulting. *Yourish*, 191 F.3d at 991. Here, however, Chandler has not given any reason for failing to respond to the motion to dismiss. Chandler no doubt received the motion to dismiss, because Lakeview and LoanCare sent it to her on an email chain on which she had previously sent messages. *See* ECF 14 at 77 ("Plaintiff's Exhibit 10").

Further, although Chandler has explained how her homelessness, health problems, and other hardships have generally prohibited her from taking certain actions related to her lawsuits, Chandler has not explained why she has not responded to the motion to dismiss. Yet Chandler has filed several other motions since LoanCare and Lakeview filed the motion to dismiss. If Chandler is able file her own motions with reasonably sophisticated legal arguments, there is no

PAGE 3 – ORDER

reason she could not have responded to the one motion filed jointly by LoanCare and Lakeview. In addition, the exhibits attached to Chandler's motions show that Chandler has communicated her legal position to adverse parties since LoanCare and Lakeview filed their motion to dismiss.[2] Through her filings with the Court and external communications, Chandler has demonstrated that she can practically and substantively respond to the motion to dismiss.

The fourth and fifth factors also favor dismissal. By requiring Chandler to respond to the Order to Show Cause as to why the unopposed motion to dismiss should not be granted, the Court notified Chandler that her claims were subject to dismissal and that failure to respond would result in dismissal. Nevertheless, Chandler repeatedly failed to respond to the Order to Show Cause. Chandler's motions for TRO and to join an additional defendant, filed after the deadline to show cause expired, also failed substantively to address the motion to dismiss. In those motions, however, Chandler revealed potential, additional claims against Trustee Corps, Match LLC, and other potential defendants that were not addressed by Lakeview and LoanCare's motion to dismiss. Thus, "the Court is adopting the 'less-drastic' sanction of dismissal of the un-served defendant without prejudice." *Patagonia*, 2023 WL 6369760, at *2. This less-drastic sanction adequately protects Chandler's rights moving forward, eliminates the potential prejudice against Lakeview and LoanCare, and preserves the Court's ability to control its docket.

The Court GRANTS LoanCare and Lakeview's Motion to Dismiss, ECF 6. The claims against LoanCare and Lakeview are DISMISSED WITH PREJUDICE. The claims against

---

[2] *See, e.g.*, ECF 14 (Plaintiff's Emergency Ex parte Motion to Set Aside Sale) at 39-41 ("Plaintiff's Exhibit 2") (Chandler representing her legal position regarding TRO to Defendant Trustee Corps on February 2, 2026); *id.* at 165-172 ("Plaintiff's Exhibit 20") (Chandler representing her legal position regarding Chandler's forthcoming motion to Match LLC on April 6, 2026); ECF 16 (Motion for Leave to Supplement Supplemental Emergency Ex parte Motion to Set Aside Sale) at 33-36 ("Plaintiff's Exhibit 2") (Chandler representing her legal position regarding Chandler's forthcoming motion to Match LLC on April 24, 2026).

PAGE 4 – ORDER

Trustee Corps are DISMISSED WITHOUT PREJUDICE. The Court DENIES AS MOOT

Chandler's Motion for TRO, Motion to Join Match LLC as a Defendant, and Motion for Leave

to Supplement Supplemental Emergency Ex parte Motion to Set Aside Sale. ECF 14, 15, 16.

**IT IS SO ORDERED.**

DATED this 28th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – ORDER